NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0446n.06

Case No. 25-1280

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

FILED

Oct 01, 2025

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| DETROIT DIESEL CORPORATION, | ) | |
|     Plaintiff-Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| MARTINREA HONSEL MEXICO SA DE CV, | ) ) ) | |
|     Defendant-Appellant. | ) ) ) | OPINION |

BEFORE: SUTTON, Chief Judge; BATCHELDER and LARSEN, Circuit Judges.

SUTTON, Chief Judge. Auto-parts supplier Martinrea Honsel Mexico has a long-running agreement to sell transmission components to engine-manufacturer Detroit Diesel. When Martinrea threatened to stop making deliveries under the agreement, Detroit Diesel sought a preliminary injunction against Martinrea. The district court granted the injunction, ordering Martinrea to continue making deliveries for the next six months. That injunction expired on September 30, 2025. We thus dismiss Martinrea's appeal of the preliminary injunction as moot.

Detroit Diesel operates a manufacturing facility in Redford, Michigan, where it produces truck engines, axles, and transmissions. In 2013, it signed a long-term contract with Martinrea to purchase special-built transmission housings, which Detroit Diesel ordered through time-to-time requests.

In 2024, Detroit Diesel filed a money-damages lawsuit against Martinrea that signaled the beginning of the end of their 11-year relationship. Detroit Diesel alleged that Martinrea had breached their contract by falling behind on its delivery obligations. Martinrea responded by notifying Detroit Diesel that it would reject all future purchase orders, asserting that a recent Michigan Supreme Court decision made the contract unenforceable. Detroit Diesel, in turn, requested a preliminary injunction to compel delivery. After briefing and oral argument, the district court granted Detroit Diesel's request, ordering Martinrea to continue deliveries for the next six months until September 30, 2025. The district court separately certified the enforceability question to the Michigan Supreme Court and stayed the case through the duration of the preliminary injunction.

Martinrea appealed the preliminary injunction, contesting only Detroit Diesel's likelihood of success on the merits. After the conclusion of the briefing, Detroit Diesel notified our court that it would not seek an extension of the preliminary injunction. We asked the parties to brief whether the appeal would become moot after September 30, 2025.

Article III of the United States Constitution limits the federal judicial power to "Cases" and "Controversies." U.S. Const. art. III, § 2. To respect that "cradle-to-grave" limitation, federal courts must ensure that a live dispute persists throughout the case. *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). If, during the appeal, it becomes "impossible for the court to grant any effectual relief," a case or controversy no longer exists, and we must dismiss the case as moot. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

This appeal is moot. In Martinrea's appeal, it asks only that we dissolve the preliminary injunction. But once that injunction expired, it "required nothing of" and "meant nothing to"

2

Martinrea. *Fialka-Feldman*, 639 F.3d at 714. We thus have no way to grant the requested relief, making the appeal moot.

The possibility of Martinrea seeking damages for compliance with the preliminary injunction cannot keep the appeal live. On-point cases from the Supreme Court and our own court show why. In *University of Texas v. Camenisch*, a district court preliminarily enjoined the university to pay for a deaf student's sign-language interpreter. 451 U.S. 390, 391–92 (1981). During the subsequent appeal, the student graduated, but the university tried to maintain the appeal on the theory that a victory on the merits would allow it to recover those payments. *Id.* at 393. The Court found the appeal moot, explaining that "it would be inappropriate . . . to intimate any view on the merits" because "the only issue presently before [it] [was] the correctness of the decision to grant a preliminary injunction." *Id.* at 394, 398. Our decision in *Marketing Displays International v. Shaw* followed the Supreme Court's approach. 93 F.4th 967, 970 (6th Cir. 2024). Shaw appealed a preliminary injunction, but the injunction expired before the parties finished their appellate briefing. *Id.* Applying *Camenisch*, we rejected Shaw's attempt to keep the appeal live through the possibility of a yet-unfiled counterclaim. *Id.* Because "anything we might say about" the preliminary injunction "wouldn't affect Shaw's ability to recover damages," any ruling on the merits would be an impermissible advisory opinion. *Id.* The same conclusion applies here.

Martinrea challenges this conclusion on two grounds, each unavailing. It first argues that the appeal is not stale because a favorable ruling would resolve its planned (future) counterclaim for the damages it incurred from complying with the preliminary injunction. A dispute, it is true, remains live if granting "the relief sought would . . . make a difference to the legal interests of the parties." *Id.* (quotation omitted). And Martinrea, it is also true, may be able to recover damages for complying with the preliminary injunction if it receives a favorable ruling on the merits. *Id.*

But controlling caselaw prevents Martinrea from collecting these damages until it brings that claim and obtains a "final judgment in [its] favor." *Camenisch*, 451 U.S. at 397 (quotation omitted); *Shaw*, 93 F.4th at 970. This appeal concerns only the preliminary injunction, which limits us to deciding Detroit Diesel's likelihood of success on the merits. *See Brown v. Yost*, 122 F.4th 597, 602 (6th Cir. 2024) (en banc) (per curiam). Because we cannot decide the ultimate merits of the underlying dispute at this point, a favorable ruling on the preliminary injunction "wouldn't affect [Martinrea's] ability to recover damages." *Shaw*, 93 F.4th at 970. Martinrea's ability to recover damages at the end of this *case* cannot save this *appeal* from mootness. *See Brown*, 122 F.4th at 601–02 (citing *Camenisch*, 451 U.S at 394).

Martinrea also argues that the appeal fits within a mootness exception—that the preliminary injunction is capable of repetition and of evading review. *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007). This narrow exception applies to disputes that tend to become moot before the litigation runs its course, such as an election or a labor strike, and are "likely forever to evade review." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481–82 (1990) (quotation omitted). In this case, a live controversy remains as to the merits of Detroit Diesel's breach-of-contract damages claim. The "correctness of the decision to grant a preliminary injunction" implicates "the same issue underlying the merits claim," and so will not evade review by the district court. *Grupo Mexicano de Desarrollo, S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 317 (1999) (quotation omitted). If Martinrea wants to contest that merits decision, nothing would stand in the way of eventual appellate review.

We dismiss this appeal as moot and remand the case for further proceedings.